EAGLE EMBOSSING CO., INC., Plaintiff, *v.* NEW YORK LEATHER EMBOSSING CO., INC., and Others, Defendants.

Supreme Court, New York County, May 16, 1927.

Trade-marks and trade names — unfair competition — injunction pendente lite, to restrain defendants from offering to public imitation of plaintiff's designs on hat boxes, denied.

An injunction *pendente lite* will not be granted the plaintiff to restrain the defendants from offering to the trade imitations of plaintiff's designs on hat boxes, where an examination of the models does not reveal sufficient similarity of appearance to the ordinary observer giving ordinary attention to the matter.

MOTION by plaintiff for an injunction *pendente lite* to restrain the defendants from imitating its designs on novelty hat box covers.

*Abraham B. Albert*, for the plaintiff.

*Coban & Berman*, for the defendants.

LEVY, J. Both litigating parties are in the leather embossing business. The claim of plaintiff is predicated both on unfair competition and on the alleged violation of a contract, whereby the parties, together with other manufacturers in the line, as members of an association known as the " Leather Embossing Protective Association, Inc.," agreed that no member would imitate or copy any design employed by another member. No claim is made that the plaintiff has the exclusive right to manufacture leather novelty hat boxes, or that it has a design patent which defendants are infringing or that the latter have attempted to " palm off " their products as those of plaintiff. The sole

grievance seems to be that defendants have offered to the trade imitations of plaintiff's designs. An examination and comparison of plaintiff's and defendants' models do not reveal sufficient similarity, even if we adopt the test of infringement of design patents — similarity of appearance to the ordinary observer giving ordinary attention to the matter. (*Smith* v. *Whitman Saddle Co.*, 148 U. S. 674.) There is nothing in the so-called agreement which indicates any intention to give a wider interpretation to the term " imitate " than is understood in connection with patent infringement cases. From the facts as they are presented here, the motion must be denied.